DOUGLAS R. BOLYNN, EMPLOYEE-PLAINTIFF v. GARLOCK PRECISION SEAL, EMPLOYER, AETNA LIFE AND CASUALTY INSURANCE COMPANY, CARRIER-DEFENDANTS

No. 8310IC22

(Filed 20 December 1983)

Master and Servant § 93.2— failure to provide plaintiff with copy of memorandum before hearing—no error

There was no violation of the Industrial Commission rules when plaintiff was not furnished with a copy of a memorandum, which a personnel supervisor used to refresh his recollection of a conversation he had had with plaintiff, prior to the hearing.

APPEAL by plaintiff-employee from opinion and award of the North Carolina Industrial Commission filed 16 August 1982. Heard in the Court of Appeals 1 December 1983.

Plaintiff filed this claim under the Workers' Compensation Act, claiming that he injured his back on 17 September 1980

while performing his duties as a chrome plater for defendant, Garlock Precision Seal. The Industrial Commission found and concluded that "[p]laintiff did not sustain an injury to his back by accident arising out of and in the course of his employment with defendant employer."

From the decision of the Industrial Commission denying plaintiff any compensation he appealed.

*Frank Patton Cooke, by R. C. Cloninger, for plaintiff, appellant.*

*Caudle, Underwood & Kinsey, P.A., by John H. Northey, III, and Thad A. Throneburg, for defendants, appellees.*

HEDRICK, Judge.

The determinative question presented on this appeal is whether there was "any competent, admissible evidence in the record to support the Finding of Fact No. 2 of the hearing officer's opinion and award, which was subsequently adopted by the Industrial Commission." Finding of Fact No. 2 is as follows:

> 2. The credible evidence establishes that sometime prior to September 18, 1980, plaintiff injured his back away from work but he did not know how. His contention that he hurt his back when he lost his balance while lifting a heavy steel bar is not found to be credible in light of his statement to the personnel supervisor the following day that he had not hurt his back at work.

The evidence disclosed that the statement referred to in Finding of Fact No. 2 occurred on 18 September 1980 when plaintiff reported his injury to the personnel supervisor. The supervisor testified to this conversation with plaintiff without objection; on cross-examination he stated that before testifying he had refreshed his recollection of the conversation with a "memorandum" he had prepared. Plaintiff was not furnished with a copy of this memorandum prior to the hearing.

Plaintiff contends that his statement to the personnel supervisor, contained in Finding of Fact No. 2, was not competent evidence. He bases his contention on an alleged violation of Industrial Commission Rule XX(6), which in pertinent part provides:

[A]ny claimant who shall give a written or recorded statement of the facts and circumstances surrounding his injury, shall, without request, be furnished a copy thereof immediately following a denial of liability or no less than ten (10) days prior to a pending hearing.

In our opinion the statement described in Finding of Fact No. 2 is not a "written or recorded statement" under Rule XX(6). The evidence indicates that the "statement" referred to in Finding of Fact No. 2 was an oral response to a question put by a superior in the course of a conversation about insurance coverage of chiropractic treatment. Plaintiff was not asked to sign or otherwise authenticate any notes made by the personnel supervisor in regard to this conversation, and the testimony of the personnel supervisor concerned his recollection of the conversation, rather than the "statement" he subsequently prepared. In short, the notes prepared by the personnel supervisor are qualitatively different from the formal investigatory statement contemplated by Rule XX(6). Even if we were to consider the memorandum in question a "statement" under the Rule, imposition of the sanction for violation of the Rule (exclusion of evidence of "designated matters") lies in the discretion of the Hearing Officer. In this case there is no indication that the Hearing Officer abused his discretion in permitting the person who prepared the memorandum to testify to his independent recollection of his conversation with plaintiff. We thus find that there was competent evidence to support this critical finding of fact. Our holding in this regard makes unnecessary a discussion of plaintiff's remaining assignments of error.

Affirmed.

Judges BRASWELL and EAGLES concur.